JUDGMENT

PER CURIAM.
This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments by counsel. It is
ORDERED and ADJUDGED that the judgment of the district court be affirmed. The district court did not abuse its discretion in denying Basu’s motion to withdraw his guilty plea, since Basu failed to show that the plea was tainted by any constitutional or procedural error. See United States v. Cray, 47 F.3d 1203, 1207 (D.C.Cir.1995) (“[W]e have never held that a district court abused its discretion in denying a motion to withdraw a guilty plea where the defendant failed to show some defect in the taking of his plea under Rule 11.”).
Basu asserted “taint” arising from “his need to act hastily and the encouragement of his counsel to accept the plea package in its totality” and the fact that Basu “did not fully understand the requirement of criminal intent.” Defs Mot. Withdraw His Guilty Plea 3. But the presence of a deadline does not, without more, render a plea involuntary. Moreover, advice of counsel that pleading guilty would be beneficial does not render a plea involuntary, absent a showing that the counsel’s performance was so deficient as to constitute ineffective assistance. See In re Sealed Case, 488 F.3d 1011, 1015 (D.C.Cir.2007) (“‘[T]he voluntariness of the plea depends on whether counsel’s advice’ satisfies the Sixth Amendment guarantee of effective assistance.” (quoting Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985))). Consequently, Basu’s attack on *189 his counsel’s advice to plead guilty merges into his ineffective assistance of counsel claim.
On that claim, we agree with the district court that Basu failed to make any showing that his counsel’s performance might have been deficient. The only advice of counsel alluded to in Basu’s affidavit accompanying the motion to withdraw was the alleged advice that Basu’s statements to authorities “placed [him] in a position where ... [he] would have no chance at trial,” so that he was in effect compelled “to plead guilty to facts that were simply not true.” But the fact that Basu’s attorney advised him that he had no chance at trial is insufficient to rebut the “strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In light of Basu’s detailed incriminating statements to authorities, Basu’s lawyer could have concluded, in the exercise of his professional judgment, that Basu’s chances of success at trial were slim. Consequently, “even if [defense counsel] did [advise the defendant his ease was ‘hopeless’], we do not believe that such an assessment fell outside ‘the range of competence demanded of attorneys in criminal cases.’ ” United States v. Curry, 494 F.3d 1124, 1130 (D.C.Cir.2007) (quoting Hill, 474 U.S. at 56, 106 S.Ct. 366).
For the same reason, the district court acted within its discretion in denying Basu’s request to hold an evidentiary hearing. Because Basu’s allegations, even if true, did not make out “any cognizable claim for” ineffective assistance of counsel or any other ground for relief from the guilty plea, no hearing was necessary to resolve Basu’s motion. See United States v. Taylor, 139 F.3d 924, 933 (D.C.Cir.1998) (noting that denial of a motion to withdraw a plea without holding an evidentiary hearing may be proper when the motion “fail[s] to allege sufficient facts or circumstances ‘upon which the elements of constitutionally deficient [assistance of counsel] might properly be found’ ” (quoting United States v. Pinkney, 543 F.2d 908, 916 (D.C.Cir.1976))).
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. R. 41.